# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

TAMARA JONES,
on behalf of herself and all
others similarly situated,

  Plaintiff,

 v.        Case No. 21-cv-1326

THIS HOUSE IS A HOME LLC,

THIS HOUSE IS A HOME II LLC,

THIS HOUSE IS A HOME III LLC,

THIS HOUSE IS A HOME IV LLC,

THIS HOUSE IS A HOME V LLC,

THIS HOUSE IS A HOME VI LLC,

THIS HOUSE IS A HOME VII LLC,

THIS HOUSE IS A HOME VIII LLC,

THIS HOUSE IS A HOME CBRF LLC,

 and

 KAI TRIMBLE-LEA,

  Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

## **PRELIMINARY STATEMENT**

1.      This is a collective and class action brought by Plaintiff Tamara Jones, on behalf of herself and all other similarly situated current and former employees who work or have worked as Personal Care Workers for Defendants This House Is A Home LLC, This House Is A Home II LLC, This House Is A Home III LLC, This House Is A Home IV LLC, This House Is A Home V LLC, This House Is A Home VI LLC, This House Is A Home VII LLC, This House Is A Home VIII LLC, This House Is A Home CBRF LLC, and Kai Trimble-Lea (collectively "THIAH" hereinafter). At times since November 17, 2021, Plaintiff Tamara Jones and the putative collective and class members have been employed as Personal Care Workers by THIAH in the State of Wisconsin. During their respective employments at THIAH, Plaintiff Tamara Jones and the putative collective and class members were not compensated at a rate of one and one-half times their respective, regular rates of pay for all hours worked in excess of forty hours in a given workweek in violation of the Fair Labor Standards Act of 1938 and Wisconsin law.

2.      Plaintiff Tamara Jones brings this action on behalf of herself and other similarly situated current and former Personal Care Workers as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

3.     Plaintiff Tamara Jones also brings this action on behalf of other similarly situated current and former employees as a class action pursuant to Fed. R. Civ. P. 23 for purposes of obtaining relief under Wisconsin's wage and hour laws for unpaid overtime compensation, civil penalties, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents federal questions brought under the FLSA.

5.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Wisconsin law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and THIAH has substantial and systematic contacts in this District.

## PARTIES

7.     Defendant This House Is A Home LLC is a Wisconsin Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin. This House Is A Home LLC's registered agent for service of process in the State of Wisconsin is Kai Trimble located in Milwaukee, Wisconsin.

8. Defendant This House Is A Home II LLC is a Wisconsin Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin. This House Is A Home II LLC's registered agent for service of process in the State of Wisconsin is Kai Trimble-Lea located in Milwaukee, Wisconsin.

9. Defendant This House Is A Home III LLC is a Wisconsin Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin. This House Is A Home III LLC's registered agent for service of process in the State of Wisconsin is Kai Trimble located in Milwaukee, Wisconsin.

10. Defendant This House Is A Home IV LLC is a Wisconsin Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin. This House Is A Home IV LLC's registered agent for service of process in the State of Wisconsin is Kai Trimble-Lea located in Milwaukee, Wisconsin.

11. Defendant This House Is A Home V LLC is a Wisconsin Limited Liability Company with a principal place of business located in Fox Point, Wisconsin. This House Is A Home V LLC's registered agent for service of process in the State of Wisconsin is Kai Trimble located in Fox Point, Wisconsin.

12. Defendant This House Is A Home VI LLC is a Wisconsin Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin. This House Is A Home VI LLC's registered agent for service of process in the State of Wisconsin is Kai Trimble Lea located in Milwaukee, Wisconsin.

13.    Defendant This House Is A Home VII LLC is a Wisconsin Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin. This House Is A Home VII LLC's registered agent for service of process in the State of Wisconsin is Kai Trimble Lea located in Milwaukee, Wisconsin.

14.    Defendant This House Is A Home VIII LLC is a Wisconsin Limited Liability Company. This House Is A Home VIII LLC's registered agent for service of process in the State of Wisconsin is Kai Trimble Lea located in Milwaukee, Wisconsin.

15.    Defendant This House Is A Home CBRF LLC is a Wisconsin Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin. This House Is A Home CBRF LLC's registered agent for service of process in the State of Wisconsin is Kai Trimble located in Milwaukee, Wisconsin.

16.    Defendant Kai Trimble-Lea is an adult resident of Waukesha County in the State of Wisconsin. Defendant Trimble-Lea is an owner of This House Is A Home LLC, This House Is A Home II LLC, This House Is A Home III LLC, This House Is A Home IV LLC, This House Is A Home V LLC, This House Is A Home VI LLC, This House Is A Home VII LLC, This House Is A Home VIII LLC, and This House Is A Home CBRF LLC.

17.    Defendant Trimble-Lea has operational control and has control over relevant compensation aspects of This House Is A Home LLC, This House Is A Home II LLC, This House Is A Home III LLC, This House Is A Home IV LLC, This

House Is A Home V LLC, This House Is A Home VI LLC, This House Is A Home VII LLC, This House Is A Home VIII LLC, and This House Is A Home CBRF LLC's operations, pay practices, and policies that are at issue in this litigation. Defendant Trimble-Lea can hire, fire, and discipline employees.

18.     Defendants THIAH are joint employers and will be collectively referred to hereinafter as "THIAH."

19.     Joinder of THIAH is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff Tamara Jones' and the putative classes' rights to relief are asserted against THIAH arising out of the same series of occurrences and common questions of law and fact.

20.     Plaintiff Tamara Jones is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Jones' Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint. Plaintiff Jones current works as a Personal Care Worker for THIAH at times since November 17, 2018.

21.     Plaintiff Jones brings this action on behalf of herself and all other similarly situated employees in the FLSA Personal Care Worker Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Personal Care Worker Class** is defined as follows:

> All persons who work or worked for THIAH as a Personal Care Worker at any time since November 17, 2018.

Page 6 of 22

22.     Plaintiff Jones brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Personal Care Worker Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Personal Care Worker Class** is defined as follows:

> All persons who work or worked for THIAH as a Personal Care Worker at any time since November 17, 2019.

23.     The FLSA Personal Care Worker Class and the Wisconsin Personal Care Worker Class will be referred to collectively hereinafter as the "Personal Care Worker Classes."

## GENERAL ALLEGATIONS

24.     This House Is A Home LLC, This House Is A Home II LLC, This House Is A Home III LLC, This House Is A Home IV LLC, This House Is A Home V LLC, This House Is A Home VI LLC, This House Is A Home VII LLC, This House Is A Home VIII LLC, and This House Is A Home CBRF LLC are assisted living facilities operating in the greater Milwaukee area under common ownership and control and operated for a common business purpose.

25.     This House Is A Home LLC, This House Is A Home II LLC, This House Is A Home III LLC, This House Is A Home IV LLC, This House Is A Home V LLC, This House Is A Home VI LLC, This House Is A Home VII LLC, This House Is A Home VIII LLC, and This House Is A Home CBRF LLC comingle funds and assets in the course of their day-to-day operations.

Page 7 of 22

26. Defendant Trimble-Lea is the owner and operator of This House Is A Home LLC, This House Is A Home II LLC, This House Is A Home III LLC, This House Is A Home IV LLC, This House Is A Home V LLC, This House Is A Home VI LLC, This House Is A Home VII LLC, This House Is A Home VIII LLC, and This House Is A Home CBRF LLC and has control over their human resources functions, including compensation.

27. Plaintiff Jones and the FLSA Personal Care Worker Class work, or have worked, for THIAH as Personal Care Workers since November 17, 2018.

28. Plaintiff Jones and the Wisconsin Personal Care Worker Class work, or have worked, for THIAH as Personal Care Workers since November 17, 2019.

29. While working as Personal Care Workers for THIAH since November 17, 2018, Plaintiff Jones and the Personal Care Worker Classes' primary job duties have included, but not limited to, providing in-home assisted living services for THIAH's clients.

30. Since November 17, 2018, Plaintiff Jones and the Personal Care Worker Classes have provided caregiving services to THIAH's clients in the form of ensuring their daily hygiene needs are met, meal preparation, ensuring medications were administered and taken, the washing and drying of resident's laundry, grocery shopping, and ensuring each client went to their medical appointments.

31. Since November 17, 2018, THIAH agreed to pay Plaintiff Jones and the Personal Care Worker Classes at an hourly rate for their work.

32. Since November 17, 2018, THIAH has suffered or permitted Plaintiff Jones and the Personal Care Worker Classes at their various assisted living facilities during the course of any particular workweek

33. Since November 17, 2018, THIAH has suffered or permitted Plaintiff Jones to work in excess of forty hours in various workweeks.

34. Since November 17, 2018, THIAH has suffered or permitted the Personal Care Worker Classes to work in excess of forty hours in various workweeks.

35. Despite regularly suffering and/or permitting Plaintiff Jones to work in excess of forty hours in a workweek since November 17, 2018, THIAH has failed to pay Plaintiff Jones at a rate of one and one-half times her regular rate for all hours worked in excess of forty in a given workweek.

36. Despite regularly suffering and/or permitting the Personal Care Worker Classes to work in excess of forty hours in a workweek since November 17, 2018, THIAH has failed to pay the Personal Care Worker Classes at a rate of one and one-half times their regular rate for all hours worked in excess of forty in a given workweek.

37. At times since November 17, 2018, THIAH has had a common policy and practice of only paying overtime wages to Plaintiff Jones and the Personal Care Worker Classes overtime compensation unless Plaintiff Jones and the Personal

Care Worker Classes worked in excess of 80 hours at any one particular THIAH assisted-living facility during bi-weekly pay period.

38.     At times since November 17, 2018, THIAH has suffered or permitted Plaintiff Jones and the Personal Care Worker Classes to work in excess of 8 hours on a given workday.

39.     At times since November 17, 2018, THIAH has had a common policy and practice of failing to pay Plaintiff Jones and the Personal Care Worker Classes overtime for hours worked in excess of eight on a given workday.

40.     As an illustrative example of THIAH's pay practices applicable to Plaintiff Jones and the Personal Care Worker Classes, Plaintiff Jones worked at least 149.59 hours at three different THIAH assisted living facilities during the two-week period between September 7, 2021 and September 20, 2021; however, THIAH paid Plaintiff Jones for all 149.59 hours at her regular rate of $12.00 without any payment of any overtime premiums.

41.     As a result of the foregoing conduct, THIAH has failed to pay Plaintiff Jones and the Personal Care Worker Classes at a rate of one and one-half times their respective regular rates for all hours worked in excess of forty in a given workweek since November 17, 2018.

42.     As a result of THIAH's actions as alleged herein, THIAH failed to compensate Plaintiff Jones and the Personal Care Worker Classes all overtime

wages earned for hours worked in excess of forty in a given workweek in violation of the FLSA and Wisconsin law.

43.     THIAH's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith and has caused significant damages to Plaintiff Jones, the Wisconsin Personal Care Worker Class, and the FLSA Personal Care Worker Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

44.     Plaintiff Jones and the FLSA Personal Care Worker Class that she brings this action on behalf of are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to THIAH's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked at the proper overtime rates. The claims of Plaintiff Jones stated herein are the same as those of the FLSA Personal Care Worker Class he seeks to represent.

45.     Plaintiff Jones and the FLSA Personal Care Worker Class seek relief on a collective basis and challenge THIAH's policies and practices which lead and have led to FLSA overtime violations.

46.     As a result of the above-alleged uniform pay practices, THIAH has failed to pay Plaintiff Jones and the FLSA Personal Care Worker Class the required overtime wages for all hours worked.

47. The FLSA 216(b) FLSA Personal Care Worker Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, last known phone numbers, social security numbers, last known email addresses, and last known mailing addresses are readily available from THIAH. Notice can be provided to the FLSA Personal Care Worker Class via first class mail to the last address known to THIAH and through posting at THIAH's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

48. Plaintiff Jones brings her Wisconsin state law claims, pursuant to the Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Personal Care Worker Class for violations occurring on or after November 17, 2019.

49. The members of the Wisconsin Personal Care Worker Class are readily ascertainable. The number and identity of the members of the Wisconsin Personal Care Worker Class are determinable from the records of THIAH.

50. The proposed Wisconsin Personal Care Worker Class's members are so numerous that joinder of all members is impracticable and, more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown and the facts on which the calculation of that number are presently within the sole control of THIAH, upon

information and belief, there at least 40 members in the Wisconsin Personal Care Worker Class.

51.     Plaintiff Jones' claims are typical of those claims which could be alleged by any member of the Wisconsin Personal Care Worker Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Personal Care Worker Class in separate actions. The alleged claims arise out of the same corporate practices of THIAH and THIAH benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff Jones and other members of the Wisconsin Personal Care Worker Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

52.     Plaintiff Jones is able to fairly and adequately protect the interests of the Wisconsin Personal Care Worker Class and has no interests antagonistic to the Wisconsin Personal Care Worker Class.

53.     There are questions of fact and law common to the Wisconsin Personal Care Worker Class that predominate over any questions affecting only individual members, including, but not limited to:

    a) Whether THIAH's policy violated Wisconsin's wage laws;

    b) Whether THIAH failed to pay the Wisconsin Personal Care Worker Class for all work THIAH suffered or permitted the Wisconsin Personal Care Worker Class to perform;

Case 2:21-cv-01326-BHL    Filed 11/17/21    Page 13 of 22    Document 1

c) Whether THIAH failed to pay the Wisconsin Personal Care Worker Class for all overtime hours that they were suffered or permitted to work by THIAH in violation of Wisconsin law; and

d) The nature and extent of class wide injure and the measure of damages for the injury.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

55. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

56. Plaintiff Jones, on behalf of herself and the FLSA Personal Care Worker Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

57. Since November 17, 2018, Plaintiff Jones and the FLSA Personal Care Worker Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.* at all times while working for THIAH.

Case 2:21-cv-01326-BHL    Filed 11/17/21    Page 14 of 22    Document 1

58. Since November 17, 2018, This House Is A Home LLC, This House Is A Home II LLC, This House Is A Home III LLC, This House Is A Home IV LLC, This House Is A Home V LLC, This House Is A Home VI LLC, This House Is A Home VII LLC, This House Is A Home VIII LLC, and This House Is A Home CBRF LLC have been an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

59. Since November 17, 2018, Plaintiff Jones and the FLSA Personal Care Worker Class have been employees within the meaning of 29 U.S.C. §203(e).

60. Since November 17, 2018, THIAH has been and/or is an employer of Plaintiff Jones and the FLSA Personal Care Worker Class as provided under 29 U.S.C. §203(d).

61. Since November 17, 2018, THIAH violated the FLSA by failing to account for and compensate Plaintiff Jones and the FLSA Personal Care Worker Class at the proper overtime rate for hours worked in excess of forty hours per workweek.

62. Plaintiff Jones and the FLSA Personal Care Worker Class are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because THIAH acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

63.     THIAH's failure to properly compensate Plaintiff Jones and the FLSA Personal Care Worker Class was willfully perpetrated and entitles Plaintiff Jones and the FLSA Personal Care Worker Class to an extended three-year statute of limitations pursuant to 29 U.S.C. § 255(a).

64.     THIAH's failure to properly compensate Plaintiff Jones and the FLSA Personal Care Worker Class was in bad faith and entitles Plaintiff Jones and the FLSA Personal Care Worker Class to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

65.     Alternatively, should the Court find that THIAH did not act in bad faith in failing to pay minimum and overtime premium wages, Plaintiff Jones and the FLSA Personal Care Worker Class are entitled to an award of pre-judgment interest at the applicable legal rate.

66.     Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff Jones and the FLSA Personal Care Worker Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid minimum wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law –
### Unpaid Overtime Wages

67.     Plaintiff Jones, on behalf of herself and members of the Wisconsin Personal Care Worker Class, re-alleges and incorporates by reference all previous paragraphs as if they were set forth herein.

68.     Since November 17, 2019, Plaintiff Jones and members of the Wisconsin Personal Care Worker Class were employees within the meaning of Wis. Stat. §§ 109.01 et seq.

69.     Since November 17, 2019, Plaintiff Jones and the members of the Wisconsin Personal Care Worker Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

70.     Since November 17, 2019, Plaintiff Jones and the members of the Wisconsin Personal Care Worker Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

71.     Since November 17, 2019, Plaintiff Jones and the members of the Wisconsin Personal Care Worker Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

72.     Since November 17, 2019, Plaintiff Jones and the members of the Wisconsin Personal Care Worker Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

73.     Since November 17, 2019, THIAH was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

74.     Since November 17, 2019, THIAH was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

75.     Since November 17, 2019, THIAH was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

76.     Since November 17, 2019, THIAH was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

77.     Since November 17, 2019, THIAH was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

78.     Since November 17, 2019, THIAH has employed, and/or continues to employ, Plaintiff Jones and the members of the Wisconsin Personal Care Worker Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq*.

79.     Since November 17, 2019, THIAH has employed, and/or continues to employ, Plaintiff Jones and the members of the Wisconsin Personal Care Worker Class as within the meaning of Wis. Stat. §§ 103.001 *et seq*.

80.     Since November 17, 2019, THIAH has employed, and/or continues to employ, Plaintiff Jones and the members of the Wisconsin Personal Care Worker Class as within the meaning of Wis. Stat. §§ 104.01 *et seq*.

81.     Since November 17, 2019, THIAH has employed, and/or continues to employ, Plaintiff Jones and the members of the Wisconsin Personal Care Worker Class as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

82.     Since November 17, 2019, THIAH has employed, and/or continues to employ, Plaintiff Jones and the members of the Wisconsin Personal Care Worker Class as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

83.     Since November 17, 2019, THIAH has had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules which willfully, dilatorily, and unjustly fail to properly pay Plaintiff Jones and the members of the Wisconsin Personal Care Worker Class the proper overtime rate for all hours worked in excess of forty in a workweek.

84.     Wis. Stat. §109.03 requires payment of all wages earned by the employee, at the latest, to a day not more than 31 days prior to the date of payment.

85.     The foregoing conduct, as alleged above, constitutes continuing willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of minimum and overtime wages.

86.     As set forth above, Plaintiff Jones and members of the Wisconsin Personal Care Worker Class have sustained losses in their compensation as a proximate result of THIAH's violations. Accordingly, Plaintiff Jones, on behalf of herself and the Wisconsin Personal Care Worker Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring THIAH

to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

87. Under Wis. Stat. § 109.11, Plaintiff Jones and the Wisconsin Personal Care Worker Class are entitled to civil penalties equal and up to fifty percent (50%) of the unpaid wages.

88. Plaintiff Jones, on behalf of herself and the Wisconsin Personal Care Worker Class, seeks recovery of attorneys' fees and the costs of this action to be paid by THIAH, pursuant to Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Jones, on her own behalf and on the behalf of all members of the FLSA Personal Care Worker Class and the Wisconsin Personal Care Worker Class request the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the FLSA Personal Care Worker Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Personal Care Worker Class;

c) An order designating Plaintiff Jones as the representative of the Wisconsin Personal Care Worker Class set forth herein;

d) At the earliest time possible, an order designating Hawks Quindel, S.C. as Class Counsel for the Wisconsin Personal Care Worker Class;

Page 20 of 22

e) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring THIAH's actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

g) An order finding that THIAH violated the FLSA's and Wisconsin wage and hour law's overtime provisions;

h) An order finding that these violations were willful;

i) Judgment against THIAH in the amount equal to Plaintiff Jones, the FLSA Personal Care Worker Class', and the Wisconsin Personal Care Worker Class' unpaid wages at the applicable overtime rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA or, if the Court finds that liquidated damages and civil penalties are not appropriate in the matter, an award of pre-judgment and post-judgment interest;

k) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

l) Such further relief as the Court deems just and equitable.

Dated this 17th day of November 2021.

Respectfully submitted,

*s/ Timothy P. Maynard*
Summer Murshid, SBN 1075404
Larry A. Johnson, SBN 1056619
Timothy P. Maynard, SBN 1080953
Gregory P. Stratz, SBN 1107925

Hawks Quindel, S.C.
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650

Page 21 of 22

Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com
gstratz@hq-law.com

Attorneys for Plaintiff