UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**TAMARA JONES,**
individually and on behalf of
all others similarly situated,
  Plaintiff,
 v.

**CASE NO. 21-cv-1326**

**THIS HOUSE IS A HOME LLC,**
**THIS HOUSE IS A HOME II LLC,**
**THIS HOUSE IS A HOME III LLC,**
**THIS HOUSE IS A HOME IV LLC,**
**THIS HOUSE IS A HOME V LLC,**
**THIS HOUSE IS A HOME VI LLC,**
**THIS HOUSE IS A HOME VII LLC,**
**THIS HOUSE IS A HOME VIII LLC,**
**THIS HOUSE IS A HOME CBRF LLC,**
**TORREY MANDEL LEA,**
 and
**KAI TRIMBLE-LEA,**
  Defendants.

### REVISED JOINT MOTION FOR SETTLEMENT APPROVAL

  Pursuant to Fed. R. Civ. P. 7(b) and Civ. L. R. 7, the Parties, by their undersigned counsel, hereby respectfully move the Court for an Order to (a) approve their Settlement Agreement, ECF No. 57—1; (b) award Attorneys' fees and costs; and (c) upon approval of the Settlement Agreement and an award of attorneys' fees and costs, dismiss this matter with prejudice and without costs to either Party and enter a Mandatory Injunction requiring Defendants to comply with their payment obligations under the Settlement Agreement. Furthermore, the Parties move the Court for an Order denying the Parties' previous Settlement

Motion, ECF No. 48, as well as Plaintiff's Counsel's Motion to Withdraw as Counsel for Opt-In Plaintiff Janie Reed, ECF NO. 46, as moot. In support of this motion, the Parties state as follows:

1. This is an action brought, in part, under the Fair Labor Standards Act ("FLSA"). The Parties have reached a settlement. Pursuant to that settlement, in exchange for a monetary payment, the Plaintiffs are releasing their claims for unpaid overtime wages under the FLSA and Wisconsin law as asserted in the First Amended Collective and Class Action Complaint (ECF # 11) through August 14, 2023 and Plaintiff Jones is releasing her FLSA claim for retaliation. However, in order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the Department of Labor ("DOL") or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, Case No. 14-cv-1208-jps, 2015 U.S. Dist. LEXIS 89425, *3 (E.D. Wis. July 2, 2015).

2. In reviewing proposed settlement agreements, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the parties. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Resolution of litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Other factors considered are the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendants to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

3. Because the Parties believe they have reached a fair, reasonable, and adequate resolution of disputed issues, they are seeking this Court's approval of their Settlement Agreement.

4. Pursuant to Civ. L. R. 7, the Parties hereby certify that this joint motion is submitted without a supporting memorandum of law in order to avoid further incurring attorneys' fees and costs which would accrue in briefing this Settlement Agreement to the Court and which, if incurred, may otherwise be a barrier to the Parties' ability to resolve this matter in a mutually agreeable manner.

5. Defendants operate a number of assisted living facilities in the Milwaukee area, which employed Plaintiffs as hourly Personal Care Workers at times since November 17, 2018.

6. On November 17, 2021, Plaintiff Jones filed a collective and class action lawsuit alleging that Defendants failed to pay her and other Caregivers at the mandated overtime rates for all hours worked in excess of forty in a workweek and recorded in Defendants' timekeeping system.

7. Six additional Plaintiffs (Ricky Fry, Yamesha McDaniel, Catherine Frazier, Tysheka Frazier, Donaveicka Rogers, and Janie Reed) have caused their consent forms to be filed in order to assert their FLSA claims in this matter.

8. On June 22, 2022, Plaintiff Jones filed an amended complaint adding an individual claim for retaliation in violation of the FLSA to her previously asserted FLSA and Wisconsin law overtime claims.

9. Defendants did not answer either complaint. Accordingly, Plaintiffs moved for entry of default against Defendants on January 23, 2023 and the Clerk entered default on January 24, 2023.

10. Shortly thereafter, Defendants' Counsel became aware of the lawsuit, and he contacted Plaintiffs' Counsel to indicate that Defendants intended to answer Plaintiffs' amended complaint and seek relief from the Clerk's entry of default.

11. Counsel for the Parties then agreed to jointly request a stay of the proceedings to engage in settlement discussions in February 2023.

12. Over the next several months, the Parties engaged in informal discovery and settlement discussions to attempt to resolve Plaintiffs' claims. While the Parties were unable to reach a settlement on their own, they jointly sought a referral to a magistrate judge for mediation to further assist in finding a mutually agreeable resolution.

13. During the course of the Parties' informal discovery and settlement talks, the Parties identified several disputes over Plaintiffs' claims, which were complicated by Defendants' incomplete time and payroll records, including:

 (a.) The number of hours worked by Plaintiffs on a week-to-week basis during the relevant statutory period;

 (b.) The hourly rates of pay of Plaintiffs throughout the relevant statutory period;

 (c.) The dates of employment of the Plaintiffs during the relevant statutory period;

 (d.) Whether Defendants' pay practices changed during the relevant statutory period and thereby would limit the potential recovery of the Plaintiffs if they were successful on the merits of their claims;

 (e.) Whether Plaintiffs would be able to maintain their claims as a collective action if this matter proceeded in litigation;

 (f.) Whether Defendants' actions related to Plaintiff Jones constituted impermissible retaliation under the FLSA; and

 (g.) Whether Plaintiffs would be able to collect a judgment from Defendants in the event that they were successful on the merits of their claims.

14. On August 14, 2023, the Parties mediated this matter before Honorable U.S. Magistrate Judge Nancy Joseph. With Hon. Judge Joseph's assistance, the Parties were able to reach a mutually agreeable resolution in light of their disputes.

15. Counsel for the Parties are experienced in litigating collective and class action wage and hour lawsuits under the FLSA and Wisconsin law. Based on their experiences, Counsel engaged in arms-length, good faith settlement negotiations in light of the disputed issues remaining to be resolved, the expense of continued litigation, and the inherent risks of litigation.

16. The Parties have worked collaboratively since that time to reduce their settlement to writing. Unfortunately, communication between Plaintiff's Counsel and Opt-In Plaintiff Janie Reed broke down for a period of time and, as a result, the Parties were required to seek approval in their initial settlement motion, ECF No. 48, without Opt-In Plaintiff Reed's inclusion and Plaintiffs' Counsel sought to withdraw as Ms. Reed's Counsel in this matter, ECF No. 46.

17. Since that time, Opt-in Plaintiff Reed reestablished contact with Plaintiffs' Counsel and signed onto the Parties' original settlement agreement. After jointly requesting their prior motions be held in abeyance, ECF No. 51, the Parties have agreed to file this revised settlement motion, which seeks approval of their original settlement agreement (including Opt-In Plaintiff Reed per the Parties' original terms), and request that the prior settlement motion, ECF No. 48, and motion to withdraw as Opt-In Plaintiff Reed's attorneys, ECF No. 46, be denied as moot.  Opt-In Plaintiff Reed's inclusion in the settlement agreement does not reduce the settlement amounts payable to the Named Plaintiff or other Opt-In Plaintiffs.

18.  Throughout this matter, Plaintiffs' Counsel has performed substantial work in investigating and filing the initial complaint; continuing their investigation in order to obtain evidence in support of Plaintiff Jones' retaliation claim and then amending the complaint;

gathering information and reviewing records from the Plaintiffs to establish dates and hours of employment as well as rates of pay in order to calculate damages in preparation for Plaintiffs' motion for entry of default; reviewing data, preparing statements for, and engaging in mediation; and drafting and re-drafting settlement documents to obtain court approval of the settlement.

19. The Parties' settlement includes payments of $27,000.00 total from Defendants to Plaintiffs and their Counsel. Of that amount, $9,000.00 is allocated to the Plaintiffs for the recovery of their unpaid overtime claims, including liquidated damages and/or civil penalties. $3,000.00 is allocated to Plaintiff Jones for punitive damages applicable to her FLSA retaliation claim and $15,000.00 is allocated to Plaintiffs' Counsel to recover attorneys' fees and costs incurred in this matter. The settlement was allocated according to Counsel's understanding of the potential strengths and risks of continued litigation over the different claims alleged.

20. Due to concerns about the Defendants' ability to withstand a potential judgment in this matter, Counsel for the Parties negotiated that the settlement be paid out in installments over a 210-day period that is triggered by the Court's approval of the Settlement.

21. The $9,000.00 payable for the Plaintiffs' released overtime claims has been allocated to the Plaintiffs based on a modified, pro-rata basis[1] in light of Plaintiffs' Counsel's review of the incomplete time and payroll data as well as interviews with the Plaintiffs regarding their dates of employment, hours worked, and pay rates.

22. Attorneys' fees and costs are also recoverable under the FLSA and Wisconsin wage and hour laws. *See* 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6). Plaintiffs "who favorably settle their cases, are entitled to reasonable attorney's fees under the FLSA." *Small v.*

---

[1] The unpaid wages fund was divided as $4,200.00, which was evenly split amongst the Plaintiffs, and $4,800.00, which was split on a pro rata basis. The Parties did this to ensure a fair recovery to all Plaintiffs in light of the incomplete records available for review when calculating damages.

*Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). To determine "a reasonable attorney's fee" under 29 U.S.C. § 216(b), "the district court must make that assessment, at least initially, based on a calculation of the 'lodestar' – the hours reasonably expended multiplied by the reasonable hourly rate -- and nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). The Seventh Circuit has noted its "preference is to compensate attorneys for the amount that they would have earned from paying clients, i.e., the standard hourly rate." *Mathur* v. *Board of Trustees of Southern Illinois University*, 317 F.3d 738, 743 (7th Cir. 2003). In determining how much to award as attorneys' fees when a fee-shifting statute is involved, "the best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Johnson*, 668 F.3d at 933 (7th Cir. 2012); *see also Mathur* at 743 ("the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate.") (emphasis added).

23. The Seventh Circuit has determined "that expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in his hourly billing rates - expenses for such things as postage, long-distance calls, Xeroxing, travel, paralegals, and expert witnesses - are part of the reasonable attorney's fee" *Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir. 1984).

24. Plaintiffs' Counsel has expended roughly 80 hours of work on this matter to date. Attorney Timothy P. Maynard alone has expended over 40 hours of work on this matter. In addition, Attorney Carmen Lopez has expended nearly 25 hours of work on this matter between her time as a law clerk and first-year associate attorney for Hawks Quindel, S.C. At Plaintiffs'

Counsel's hourly rates,[2] the lodestar calculation in this matter is over $25,000.00. In addition, Plaintiffs' Counsel incurred $1,443.95 in costs between the filing fee, service of process on the Defendants for both complaints, and mailing and serving Plaintiffs' motion for default on Defendants. Accordingly, as further supported by the previously submitted and additional Declarations of Attorney Timothy P. Maynard and its exhibits (ECF Nos. 49, 58), Plaintiffs are entitled to an award of attorneys' fees and costs for $15,000.00 in this matter.

25. In short, the Settlement Agreement was reached as a result of arms-length negotiations between experienced Counsel for the Parties that considered the merits of Plaintiffs' claims, Defendants' defenses to the same and ability to withstand judgment, and review and analysis of the evidence related thereto.

26. The Settlement Agreement represents a fair resolution of Plaintiffs' claims in light of the foregoing and the bona fide legal and factual disputes that exist with regard to Plaintiffs' claims.

27. The Settlement Agreement is between Plaintiffs and the Defendants only. Potential class members that have not joined the Lawsuit are not subject to, nor bound by, the Settlement Agreement.

WHEREFORE, for all the foregoing reasons, Plaintiffs and Defendants request that the Court enter an Order approving the Settlement Agreement, awarding attorneys' fees and costs as requested herein, dismissing Plaintiffs' released claims with prejudice and without costs to either party, and entering a mandatory injunction requiring Defendants to make payments in accordance with the Settlement Agreement's terms.

---

[2] Attorney Maynard's hourly rate is $450 per hour. Attorney Lopez bills at $200 per hour for her work as a first-year associate attorney and billed at $75 per hour for her work as a law clerk. *See* Maynard Decl., ECF No. 49, ¶¶ 3—4.

Dated this 3rd day of January 2024.

Respectfully Submitted,

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiffs*

By: s/ Timothy P. Maynard
Timothy P. Maynard, SBN 1080953
tmaynard@hq-law.com
Larry A. Johnson, SBN 1056619
ljohnson@hq-law.com
Summer H. Murshid, SBN 1075405
smurshid@hq-law.com

5150 N. Port Washington Rd.
Suite 243
Milwaukee, WI 53217
Tel:   (414) 271-8650
Fax:   (414) 271-8442


Respectfully Submitted,

**IFMK LAW, LTD.**
*Attorneys for Defendants*

By: s/ Kyle R. Moore
Kyle R. Moore, SBN 1101745
kmoore@ifmklaw.com

650 Dundee Road
4th Floor
Northbrook, IL 60062
Tel:   (847) 291-0020
Fax:   (708) 621-5538