UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TAMARA JONES,
individually and on behalf of
all others similarly situated,

    Plaintiff,

    v.

                                                   Case No. 21-cv-1326-bhl

THIS HOUSE IS A HOME LLC,

THIS HOUSE IS A HOME II LLC,

THIS HOUSE IS A HOME III LLC,

THIS HOUSE IS A HOME IV LLC,

THIS HOUSE IS A HOME V LLC,

THIS HOUSE IS A HOME VI LLC,

THIS HOUSE IS A HOME VII LLC,

THIS HOUSE IS A HOME VIII LLC,

THIS HOUSE IS A HOME CBRF LLC,

TORREY MANDEL LEA,

    and

KAI TRIMBLE-LEA,

    Defendants.

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE

    On January 3, 2024, the Parties filed a joint, revised motion for court approval of the settlement agreement and dismissal of claims with prejudice and explained why they believe the settlement agreement reflects a reasonable compromise of the disputed issues. (ECF No. 57.) The Parties attached their settlement agreement to their motion. (ECF No. 57-1.) The Parties further asked the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994). Accordingly, the Court hereby **FINDS** that:

1. The Settlement Agreement filed as Exhibit A (ECF No. 57-1) to the Parties' Joint Motion for Settlement Approval appears to be a fair, reasonable, and adequate resolution of bona fide disputes regarding whether Plaintiffs are entitled to additional overtime compensation under the FLSA and/or Wisconsin law as well as for Plaintiff Jones' alleged FLSA retaliation claim.

2. Plaintiffs' Counsel's respective hourly rates of $350.00 to $450.00 per hour for Attorney Timothy P. Maynard, $200.00 per hour for Attorney Carmen Lopez, and $75.00 per hour for work performed as a law clerk by Attorney Lopez are reasonable rates given the respective attorneys' experience in litigating collective and class action wage and hour lawsuits in the Eastern District of Wisconsin.

3. Plaintiffs' Counsel's costs incurred in this matter of $1,443.95 (*see* ECF No. 49-1) were reasonably incurred in filing this matter as well as attempting to serve process on the Defendants for the original complaint, the amended complaint, and Plaintiffs' motion for entry of default.

4. Plaintiffs' Counsel's hours expended in this matter as reflected on ECF Nos. 49-2 and 58-1 were reasonably incurred as the result of pre-filing investigation, interviewing witnesses and Plaintiffs regarding their experiences working for Defendants, reviewing and analyzing limited time and payroll records, preparing for and engaging in mediation, and drafting and finalizing documents for approval of the settlement in this matter.

**FURTHERMORE**, in order to effectuate the Parties' Settlement Agreement and allow the Court to retain jurisdiction for purposes of enforcing the Settlement Agreement, **IT IS HEREBY ORDERED** that:

5. The Parties' prior Motion for Settlement Approval (ECF No. 48) is **DENIED as moot.**

6. Plaintiffs' Counsel's Motion to Withdraw as Counsel for Opt-In Plaintiff Janie Reed (ECF No. 46) is **DENIED as moot**.

7. The Parties' Settlement Agreement (ECF No. 57-1) is **APPROVED**.

8. Plaintiffs' request for an award of attorneys' fees and costs in the amount of $15,000.00 is **GRANTED** and shall be paid as set forth in the Settlement Agreement.

9. On or before 30 days from the date of this Order, Defendants must make all payments to the Plaintiffs and Plaintiffs' Counsel according to the following table:

| PAYABLE TO | W2 WAGE PAYMENT | 1099 LIQUIDATED DAMAGES PAYMENT | 1099 PUNITIVE DAMAGES PAYMENT – RETALIATION | 1099 ATTORNEYS' FEES AND COSTS PAYMENT |
|---|---|---|---|---|
| Tamara Jones | $154.33 | $154.33 | $1,000.00 | - |
| Ricky Fry | $337.05 | $337.05 | - | - |
| Donaveicka Rogers | $111.71 | $111.71 | - | - |
| The Estate of Catherine Frazier | $517.11 | $517.11 | - | - |
| Tysheka Frazier | $312.17 | $312.17 | - | - |
| Janie Reed | $123.47 | $123.47 | - | - |
| Yamesha McDaniel | $166.40 | $166.40 | - | - |
| Hawks Quindel, S.C. | - | - | - | $5,555.52 |
| **TOTALS** | **$1,722.24** | **$1,722.24** | **$1,000.00** | **$5,555.52** |

10. On or before 120 days from the date of this Order, Defendants must make all payments to the Plaintiffs and Plaintiffs' Counsel according to the following table:

| PAYABLE TO | W2 WAGE PAYMENT | 1099 LIQUIDATED DAMAGES PAYMENT | 1099 PUNITIVE DAMAGES PAYMENT – RETALIATION | 1099 ATTORNEYS' FEES AND COSTS PAYMENT |
|---|---|---|---|---|
| Tamara Jones | $136.61 | $136.61 | $1,000.00 | - |
| Ricky Fry | $259.75 | $259.75 | - | - |
| Donaveicka Rogers | $107.89 | $107.89 | - | - |
| The Estate of Catherine Frazier | $381.09 | $381.09 | - | - |
| Tysheka Frazier | $242.98 | $242.98 | - | - |
| Janie Reed | $115.81 | $115.81 | - | - |
| Yamesha McDaniel | $144.75 | $144.75 | - | - |
| Hawks Quindel, S.C. | - | - | - | $4,722.24 |
| **TOTALS** | **$1,388.88** | **$1,388.88** | **$1,000.00** | **$4,722.24** |

11. On or before 210 days from the date of this Order, Defendants must make all payments to the Plaintiffs and Plaintiffs' Counsel according to the following table:

| PAYABLE TO | W2 WAGE PAYMENT | 1099 LIQUIDATED DAMAGES PAYMENT | 1099 PUNITIVE DAMAGES PAYMENT – RETALIATION | 1099 ATTORNEYS' FEES AND COSTS PAYMENT |
|---|---|---|---|---|
| Tamara Jones | $136.61 | $136.61 | $1,000.00 | - |
| Ricky Fry | $259.75 | $259.75 | - | - |
| Donaveicka Rogers | $107.89 | $107.89 | - | - |
| The Estate of Catherine Frazier | $381.09 | $381.09 | - | - |
| Tysheka Frazier | $242.98 | $242.98 | - | - |
| Janie Reed | $115.81 | $115.81 | - | - |
| Yamesha McDaniel | $144.75 | $144.75 | - | - |
| Hawks Quindel, S.C. | - | - | - | $4,722.24 |
| **TOTALS** | **$1,388.88** | **$1,388.88** | **$1,000.00** | **$4,722.24** |

12. Defendants **SHALL** deliver all payments described in paragraphs 7 through 11 above by the respective dates set forth therein to Plaintiffs' Counsel at Hawks Quindel, S.C., Attn: Attorney Timothy P. Maynard, 5150 N. Port Washington Road, # 243, Milwaukee, WI 53217.

13. Should Defendants fail to make the payments as set forth in paragraphs 7 through 12, Defendants **SHALL** have a period of thirty (30) business days from receiving notice of breach from Plaintiffs' Counsel to cure such breach by delivering payments to Plaintiffs' Counsel. Failure to timely cure such breach **SHALL** be deemed failure to comply with the mandatory injunction contained herein.

14. By consent of the Parties, the Court **SHALL** retain jurisdiction for the purpose of enforcing the terms of the settlement agreement and the mandatory injunction contained herein; and

15. Except as provided for in paragraphs 7 through 14 of this Order, this case is **DISMISSED with prejudice** and without further costs to either party.

Dated at Milwaukee, Wisconsin on January 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge